IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ Rg ___ D.C.
05 DEC 13 PM 3:32
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

ELEANOR ROBIN BELL-FLOWERS  )
                            )
         Plaintiff,         )
                            )
vs.                         )
                            )    No. 04-3026 BP
PROGRESSIVE INSURANCE COMPANY, )
                            )
         Defendant.         )
                            )
                            )
                            )
                            )

### ORDER DENYING DEFENDANT'S RULE 37 MOTION TO DISMISS

Before the court is Defendant Progressive Insurance Company's ("Progressive") Rule 37 Motion to Dismiss, filed November 14, 2005 (dkt #24). Plaintiff Eleanor Robin Bell-Flowers filed a response in opposition on November 22. The matter was referred to the Magistrate Judge on November 15. For the reasons below, Defendant's motion is DENIED.

#### I. BACKGROUND

Bell-Flowers filed a pro se complaint against Progressive on December 17, 2004, alleging that she was discriminated against on the basis of race in the course of her employment with Progressive in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. On October 20, 2005, the court entered a

scheduling order, requiring each party to submit its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by November 7, 2005. On November 7, Bell-Flowers provided Progressive with her unsigned initial disclosures. On November 14, Progressive filed the present motion, asking the court to dismiss Bell-Flowers's complaint due to her incomplete initial disclosures.

## II. ANALYSIS

Federal Rule of Civil Procedure 26(a)(1) requires each party to provide to other parties:

> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
>
> (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;
>
> (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)-(C). Rule 11(a) further requires that every submitted paper be signed by at least one attorney of record, or, if the party is not represented by an attorney, be signed by the party. Fed. R. Civ. P. 11(a).

In its motion, Progressive lists the following deficiencies in

-2-

Bell-Flowers's initial disclosures: (1) Bell-Flowers failed to provide addresses or telephone numbers for the individuals listed and did not identify the subjects of information known by each individual; (2) Bell-Flowers did not respond to the requirements of Fed. R. Civ. P. 26 (a)(1)(B), but rather stated that copies of documents "[w]ill be provided at a late [sic] date;" and (3) Bell-Flowers did not respond to the requirements of Fed. R. Civ. P. 26 (a)(1)(C), but rather stated that a computation of damages and the documents supporting that calculation "[w]ill be provided at a later date." Progressive also noted that Bell-Flowers failed to sign her initial disclosures as required by Rule 11. In response to Bell-Flowers's deficient disclosures, Progressive asks this court to dismiss her complaint.

Rule 37(c)(1) empowers the court, upon motion by a party, to sanction a party for failing to comply with the disclosure requirements of Rule 26(a). The sanctions available to the court include, but are not limited to, exclusion of evidence, shifting expenses, striking pleadings, prohibiting claims or defenses, or dismissing the action altogether. See Fed. R. Civ. P. 37(c)(1); Fed. R. Civ. P. 37(b)(2)(A)-(C).

The court concludes that dismissal is not warranted. Dismissal under Rule 37 for failure to cooperate in discovery is "the sanction of last resort." Beil v. Lakewood Eng'g and Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994); Jack Tyler Eng'g Co. v. ITT

Flygt Corp., No. 03-2060, 2004 U.S. Dist. LEXIS 26155, at *12 (W.D. Tenn. June 9, 2004) (unpublished). In determining whether dismissal is appropriate, the court should consider "(1) whether the party acted with willfulness, bad faith or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered." Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997).

The court finds that Bell-Flowers's omissions were not the result of bad faith or willfulness. In her response to Progressive's motion, Bell-Flowers stated that she will amend the unsigned disclosures and forward the information to Progressive as she receives it. Pla.'s Response at ¶ A. Further, Bell-Flowers is proceeding in this action pro se. Thus, it is unlikely that she has been counseled about the risk of failing to adhere to the requirements of Rule 26, nor is it likely that she acted in bad faith by notifying Progressive that she would provide Rule 26 information at a later date. In addition, Progressive has not shown that it has been prejudiced by Bell-Flowers's omissions, nor demonstrated that it will be prejudiced by Bell-Flowers's delayed disclosure of this information. Accordingly, Progressive's motion

to dismiss is DENIED.[1]

### III. CONCLUSION

For the reasons above, Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge


December 13, 2005
Date

---

[1] The court notes that, although Progressive seeks dispositive relief in its motion, this court has authority to enter an order denying Progressive's request. It is generally observed that magistrate judges have authority to enter orders concerning non-dispositive pre-trial motions, but are required to submit reports and recommendations for dispositive motions. See Fed. R. Civ. P. 72; Segal v. L.C. Hohne Contractors, Inc., 303 F.Supp.2d 790, 793-94 (S.D. W. Va. 2004). Although motions for sanctions premised on discovery abuses are generally non-dispositive, parties may - as Progressive does here - ask the court to sanction the offending party by dismissing its claim. The majority of courts to consider the issue have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion. See, e.g., Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 6 (1st Cir. 1999); Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1519 (10th Cir. 1995); Steele v. Costco Wholesale Corp., No. 03-0713, 2005 U.S. Dist. LEXIS 8348, at *4-5 (E.D.N.Y. May 6, 2005) (unpublished); Segal, 303 F.Supp.2d at 794. This court agrees and concludes that because it is not granting dispositive relief, the court has authority to enter an order denying Progressive's motion.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 29 in case 2:04-CV-03026 was distributed by fax, mail, or direct printing on December 13, 2005 to the parties listed.

---

Steven W. Likens
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Eleanor Robin Bell-Flowers
3391 Adeline St.
Memphis, TN 38118

Paul E. Prather
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Honorable J. Breen
US DISTRICT COURT