IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 DEC 13 PM 3:3_

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| ELEANOR ROBIN BELL-FLOWERS | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 04-3026 BP |
| PROGRESSIVE INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) ) ) ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

Before the court is Defendant Progressive Insurance Company's ("Progressive") Motion to Compel Service of Pleadings and Other Papers, filed November 14, 2005 (dkt #22). Plaintiff Eleanor Robin Bell-Flowers did not file a response. For the reasons below, Defendant's motion is GRANTED.

Bell-Flowers filed her pro se complaint against Progressive on December 17, 2004, alleging that she was discriminated against on the basis of race in the course of her employment with Progressive in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. On March 29, 2005, the court granted Bell Flowers leave to proceed in forma pauperis. The court ordered Bell-Flowers to "serve a copy of every further document filed in this cause on the attorney for the defendant." Order Granting

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-13-05

30

Leave to Proceed In Forma Pauperis, Mar. 29, 2005.

On November 1, Bell-Flowers filed an affidavit with the court in support of her Motion Under 28 U.S.C. § 1915 for Appointment of Attorney.  Bell-Flowers failed to serve this affidavit with Progressive.  In the present motion, Progressive asks this court to compel Bell-Flowers to serve Progressive with a copy of this affidavit and all other pleadings and papers that she has filed or will file with the court.

Federal Rule of Civil Procedure 5(a) provides that a party must serve upon all other parties:

> [E]very pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and ever written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties.

Despite this requirement, and the court's order on March 29 directing Bell-Flowers to serve a copy of every document filed in this case on the attorney for Progressive, Bell-Flowers did not serve Progressive with a copy of the affidavit accompanying her November 1 motion.  Thus, the court hereby ORDERS Bell-Flowers to serve Progressive with a copy of this affidavit.  Bell-Flowers is further ORDERED to provide Progressive with a copy of every document that she has filed in this case since the court's March 29 order, and is further ORDERED to serve Progressive with a copy of every document that she files in this case with the court in the

future.

    IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge


_December 13, 2005_____
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in case 2:04-CV-03026 was distributed by fax, mail, or direct printing on December 13, 2005 to the parties listed.

---

Steven W. Likens
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Eleanor Robin Bell-Flowers
3391 Adeline St.
Memphis, TN 38118

Paul E. Prather
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Honorable J. Breen
US DISTRICT COURT