IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ELEANOR ROBIN BELL-FLOWERS,

    Plaintiff,

vs.    No. 04-3026-B/P

PROGRESSIVE INSURANCE COMPANY,

    Defendant.

## ORDER DENYING APPOINTMENT OF COUNSEL

On November 1, 2005, plaintiff Eleanor Robin Bell-Flowers filed a motion seeking appointment of counsel. Defendant has not responded to the motion.[1]

Two statutes authorize a district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[2] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just,

---

[1] In an order issued on December 13, 2005, Magistrate Judge Tu M. Pham issued an order granting defendant's motion to compel the plaintiff to serve all pleadings and motions on it, as required by Fed. R. Civ. P. 5(a) and the Court's order issued on March 29, 2005. To date, plaintiff has not filed proof of service of this motion on the defendant. The Court will not delay resolution of this motion, however, as the defendant's response will not affect the outcome of the motion.

[2] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-22-05

the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[3] The plaintiff's motion does not set forth any facts demonstrating that the case is meritorious. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. In particular, although the plaintiff has had some

---

[3] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

2

difficulty in complying with the Federal Rules of Civil Procedure, there has been no showing that this results from anything other than inattention to the requirements of the Rules. The motion for appointment of counsel is DENIED.

IT IS SO ORDERED this 21st day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 2:04-CV-03026 was distributed by fax, mail, or direct printing on December 22, 2005 to the parties listed.

---

Steven W. Likens
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Eleanor Robin Bell-Flowers
3391 Adeline St.
Memphis, TN 38118

Paul E. Prather
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Honorable J. Breen
US DISTRICT COURT