IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ELEANOR ROBIN BELL-FLOWERS,

    Plaintiff,

v.                                        No. 04-3026 B

PROGRESSIVE INSURANCE COMPANY,

    Defendant.

_____

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND ALLOWING PLAINTIFF TO AMEND COMPLAINT
_____

Pending on the Court's docket is the motion of the Defendant, Progressive Insurance Company ("Progressive"), to dismiss the complaint filed by the pro se Plaintiff, Eleanor Robin Bell-Flowers, for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 8). The complaint alleged that the Defendant engaged in unlawful discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In the instant motion, Progressive argues that the face of the complaint reveals Bell-Flowers failed to timely file a charge with the Equal Employment Opportunity Commission (the "EEOC") prior to suit in federal court, as required by 42 U.S.C. § 2000e-5(e)(1).

The statute provides that an EEOC charge must be filed within 300 days of the alleged unlawful action. See 42 U.S.C. § 2000e-5(e)(1). In her fill-in-the-blank complaint form, the Plaintiff alleged, in paragraph 5 thereof, that the discrimination complained of occurred "on or about June 2002." She further averred that she filed her EEOC charge on or about March 11, 2004. Based on these statements, the Defendant maintains that the charge was not filed within the 300-day period prescribed by Title VII..

Clearly, a Title VII action may not be brought until after the administrative prerequisite of compliance with the 300-day requirement has been fulfilled.  See Nichols v. Muskingum Coll., 318 F.3d 674, 677 (6th Cir. 2003).  In response to the motion, the Plaintiff submitted to the Court a copy of the EEOC charge in which she stated as follows:

> On or about May 16, 2003, I was discharged from my position as a Litigation Claims Specialist by the above named company.  I had been employed with the company permanently since September of 2002.  I worked as a temporary employee from June of 2002 until I became permanent in September of 2002.  Prior to my discharge, on or about April 16, 2003, I was subjected to discriminatory terms and conditions of my employment in that I was denied training that was needed in order to perform my job duties and I was put on a short term objective for thirty (30) days.

Bell-Flowers indicated on the charge form that the discrimination occurred from April 16, 2003 at the earliest to May 16, 2003 at the latest.  The charge identified no discrimination, however, that took place in June of 2002.  Nor has the Plaintiff offered any explanation for her failure to timely file an EEOC charge for discrimination in June of 2002.

Upon review of the submissions of the parties, the Court finds that the complaint, alleging on its face discrimination in June 2002 and the filing of an EEOC charge more than 300 days later, must be DISMISSED as untimely.  However, if the Plaintiff wishes to amend her complaint in order to cure the defect therein, she is hereby permitted to do so within eleven (11) days of the entry of this order.  In the event no amended complaint is filed with the Court within that period, an order of dismissal will be entered by the Court.  Furthermore, the Clerk of Court is DIRECTED to mail a copy of this order to the Plaintiff at the address listed on the docket.

IT IS SO ORDERED this 15th day of March, 2006.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE